### In re S. ALEX SMITH & CO.

(District Court, S. D. Florida. May 16, 1923.)

Bankruptcy ⟨⟩346—All taxes legally due must be paid as prior claims.

Under Bankruptcy Act, § 64a (Comp. St. § 9648), providing that the court "shall order the trustee to pay all taxes legally due and owing by the bankrupt," it may not refuse to order payment of taxes due for prior years, because the authorities might have collected the same before bankruptcy.

In Bankruptcy. In the matter of S. Alex Smith & Co., bankrupt. On review of order of referee denying claim for prior payment of taxes. Reversed.

R. H. Rowe, of Madison, Fla., for petitioner Town of Madison.

L. E. Roberson, of Live Oak, Fla., for objecting creditors.

⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

CALL, District Judge. In this matter the town of Madison made a claim for taxes for the years 1921 and 1922 due from the bankrupt. Upon a hearing before the referee an order was made on the 28th day of April, 1923, denying the petition of the town to have the taxes due for 1921 paid by the trustee as a priority. It is this order that is brought here for review.

The decision of the question here involved must be governed by the terms of the Bankruptcy Act (Comp. St. §§ 9585–9656). Section 64 provides for the priority of payment out of the bankruptcy estate and specifically says:

"The court *shall* order the trustee to pay all taxes legally due and owing by the bankrupt to * * * municipality in advance of the payment of dividends to creditors."

Are these taxes legally due? The amount and due assessment are not questioned. The payment is objected to because the tax collector might have collected same by levy and sale prior to the bankruptcy proceedings. But the fact that he did not do so in no wise discharges the obligation of the taxpayer, nor releases his estate should he subsequently go into bankruptcy. Nor does the payment of such taxes by the trustee depend upon any question of lien. The referee seems to have been led astray in the order made by the assumption that the lien for taxes attached only to the particular personal property upon which such tax was assessed. As I understand the law, the lien for taxes attaches to all the property possessed by the taxpayer, whether possessed at the time of the levy of the tax or subsequently acquired. But, be this as it may, the payment of taxes properly assessed against and owing by the bankrupt at the time of bankruptcy must be paid from the estate before any dividends are distributed to the creditors, as provided by the Bankruptcy Act.

The petition to review is granted, and the matter remanded to the referee, with instructions to order the trustee to pay the town of Madison the amount due for taxes for the year 1921.