**In re WRIGHT INDUSTRIES, Inc.**

No. 65749.

United States District Court
N. D. Ohio, E. D.
April 15, 1953.

John J. Kane, Jr., U. S. Dist. Atty., Cleveland, Ohio, Robert C. Grisanti, Asst. U. S. Atty., Cleveland, Ohio, for the United States.

Murray A. Nadler, Youngstown, Ohio, for trustee.

WOODS, Official Referee.

Graham Kearney, Trustee in Bankruptcy, filed objections to the allowance of the second amended claim of Thomas M. Carey, Collector of Internal Revenue for the United States of America, for $34,242.02, on two grounds: (1) as to the amount of the claim, and (2) as to the right of priority of any tax claim due to the United States.

When the Collector failed to answer or appear, the Trustee asked an order of subrogation, and after notice, an order was entered on April 9, 1952, preserving liens for the benefit of the estate. The Trustee thereafter now claims that by reason of such order, the tax claim of the United States lost its priority.

The District Attorney then filed this motion to vacate the order of subrogation and hearing was had upon the motion to vacate and as to the amount of the Government claim. Upon such hearing by stipulation the amount of the Government claim was reduced to $28,375.14 and briefs were submitted on the question of subrogation.

The claim of the Trustee, because of the order of subrogation that the tax claim of the Government loses its priority by reason of subrogation, to say the least, is unique. An elaborate brief was filed by counsel for the Trustee with much reliance upon the equity powers of the Bankruptcy Court, and claiming a new rule was to be applied since the 1952 Amendments to the Bankruptcy Act.

First to be considered are the sections of the Bankruptcy Law, which appear applicable to this situation. Trustee relies upon the fact that two chattel mortgages were heretofore found fraudulent, In re Wright Industries, Inc., D.C., 93 F.Supp. 58, and any liens arising therefrom invalid, and because of this subrogation is claimed under Sec. 67, sub. d(6), 11 U.S.C.A. § 107, sub. d(6). The Amendment of 1952 adds provisions giving trustee the right to avoid transfers (by subrogation) and preserve liens for the benefit of the trustee. This is claimed to be similar to the situation under Sec. 60, sub. a now by amendment, 11 U.S.C.A. § 96, sub. a. See also Sec. 70, sub. e(2), 11 U.S.C.A. § 110, sub. e(2).

The question raised by the Trustee's argument is: may the Court by Order of Subrogation make invalid the priority of the tax claim? As before indicated, this claim of the trustee is unique and there seems to be no authority to be found in the books on this exact point. At many places in the brief of the Trustee, there is mention of "preservation of lien for the benefit of the estate". The answer to this appears to be that such language can only apply where there is a transfer of a prior lien from one lien to another subsequent lien. In the case at bar, there never was a lien to the United States Government, but there remains the priority of tax claims and wage claims, if any had been filed.

Under Section 64, sub. a(4), 11 U.S.C.A. § 104, sub. a(4), tax claims are given the right to priority, which cannot be denied or sidestepped to the benefit of general creditors of the estate. So far as the text books are concerned, in Collier on Bankruptcy, Vol. 3, p. 2117, there is the statement that the tax claim which was entitled to be secured as a lien, but was not perfected by statutory procedure, may still be a tax claim with priority under Sec. 64, sub. a(4). There are also the following

cases which might be considered but are hardly in point. See In re Smith & Co., D.C., 289 F. 524; In re Brannon, 5 Cir., 1933, 62 F.2d 959; In re Lambertville Rubber Co., Inc., 3 Cir., 1940, 111 F.2d 45.

There is no point in vacating the order authorizing subrogation, since the doctrine of subrogation is not to be applied to deny priority of a tax lien. So this finding is that the motion of the Government attorney to vacate the order of April 9, 1952, is denied; the claim of the Collector of Internal Revenue is allowed for $28,375.14 and is found to be a valid tax claim under Sec. 64, sub. a(4), entitled to priority.